## McBride et al. v. Farmers' Seed Association.

(Decided March 17, 1933.)

### (Common Pleas Branch, Fourth Division)

LEE S. JONES for appellants.

THOMAS A. BALLANTINE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

McBride et al., have filed here a copy of the record of a proceeding in which the judgment dismissed a set-off and counterclaim filed by them and have prayed an appeal. The Farmers' Seed Association sued McBride and his partner in the Jefferson quarterly court upon a note for $194.17 with interest. To this McBride et al. filed a set-off and counterclaim for $283, and upon proper motion (see section 720, Civil Code of Practice) the cause was transferred to the Jefferson circuit court and assigned to the common pleas branch, Fourth division, for trial.

The basis of the set-off and counterclaim of McBride et al. is that they ordered certain chicken feed to contain meat scraps, corn meal, tankage, etc., and that the Farmers' Seed Association put into it 50 pounds of tobacco dust instead of 50 pounds of tankage as ordered, and that when McBride et al. fed this to their chickens many of them died and others quit laying, and a loss of $283 thus resulted to them.

Upon the trial the seed association admitted doing this and sought to prove they discovered this mistake and notified McBride of it before any of the mixture was fed to the chickens, and further sought to prove that the mixing of tobacco dust in chicken feed was good for chickens. In his testimony the manager of the seed association denied that he promised to make good to McBride et al. the losses sustained by them as a result of feeding the mixture containing this tobacco dust to their chickens. The right of McBride et al. to re-

cover for the losses they sustained by feeding this mixture to their chickens does not rest on that promise, but as the seed association knew of the purpose for which this mixture was bought, to wit, for chicken feed, it is liable for its negligence and upon its implied warranty of the fitness of the mixture for that purpose. See subsection 1 of section 2651b-15, Ky. Stats.; 24 R. C. L. p. 198, sec. 469; 55 C. J. p. 753, sec. 720.

The court erred in excluding from the jury the offered testimony of McBride about the promise of the manager of this association to make good this loss. This promise was avowed to have been made during a conversation that took place at the time McBride gave the note sued on. McBride seems not to have known then the extent of the harm that would ultimately result to his flock of chickens from this mixture which had been fed to them a short time before, and the purpose of this evidence was to show he had not waived that loss by giving the note sued on.

The court erred in its instruction No. 3. That instruction should have been in substantially this form:
"On the other hand, if you believe from the evidence that the plaintiff, Farmers' Seed Association, discovered their mistake in sending tobacco dust along with other chicken feed ordered by defendants, and promptly notified the defendants not to feed said mixture containing said tobacco dust to said chickens, before said mixture was fed to said chickens, or, even, though you should believe from the evidence that said mixture containing fifty pounds of tobacco dust was fed to said chickens, yet if you further believe from the evidence that the quantity of tobacco dust contained in said mixture was not sufficient to cause said chickens to die, or otherwise damage them, then in either of the events mentioned in this instruction, the law is for the plaintiff, Farmers' Seed Association, on the counter claim of the defendants, Chas. T. McBride and H. M. Hicks, against it, and you will so find."

The motion for an appeal is sustained, and the judgment is reversed.